**After Recording Return To:**
Aspen Properties Group, LLC
Jessica Brown
P. O. Box 458
Kimberling City, MO 65686
Ref #: ████2145

This document was prepared by

MarySue Edwards, Aspen Properties Group, LLC
5700 W. 112th Street, Suite 110, Leawood, KS 66211

_____[Space Above This Line For Recording Data]_____

## MODIFICATION TO MORTGAGE

THE MODIFICATION OF THE PROMISSORY NOTE THAT IS SECURED BY THE MORTGAGE PROVIDES FOR PAYMENT IN FULL OF THE UNPAID BALANCE OF THE FORBEARANCE AND LOAN MODIFICATION AGREEMENT AT MATURITY. YOU MUST REPAY THE ENTIRE BALANCE OWED UNDER THE FORBEARANCE AND LOAN MODIFICATION AGREEMENT, UNPAID INTEREST AND OTHER SUMS THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT MATURITY. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN.

This Modification to Mortgage (hereinafter the "**Modification**") is made by and between **Jose Gosdenovich and Marisol Gosdenovich** (hereinafter, collectively the "**Mortgagor**"), whose address is **123 Clifton Place, Jersey City, NJ 07304**, and **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of the Aspen Growth IV Trust, a Delaware statutory trust** (hereinafter the "**Lender**") whose address is 1221 W. 103rd Street, #108, Kansas City, MO 64114, for itself, its successors and/or assigns, (collectively, the "**Parties**") this 13 day of JUNE, 2021.

In this Modification, the word "**Borrower**" means each person, individually and jointly, who entered into the Promissory Note Agreement (hereinafter the "**Note**"). The Mortgage executed in favor of PNC Bank, National Association, is hereinafter referred to as the "**Security Instrument**". All capitalized terms not defined in this Modification shall have the same meaning as given in the Security Instrument.

**WHEREAS**, on April 12, 2007, the **Borrower, Jose Gosdenovich,** executed the Note in the original principal amount of One Hundred Thirty One Thousand Two Hundred Fifty Dollars and No Cents (**$131,250.00**), plus interest, all accrued finance charges and all other allowable fees and costs, payable to PNC Bank, National Association; and

_Borrower Initials_ [signature]

1

_Lender Initials_ [signature]

**WHEREAS**, in order to secure repayment of the Note, on April 12, 2007, the Mortgagor, **Jose Gosdenovich and Marisol Gosdenovich,** executed a certain Security Instrument, in the original principal amount of One Hundred Thirty One Thousand Two Hundred Fifty Dollars and No Cents (**$131,250.00**), plus interest, all accrued finance charges and all other allowable fees and costs, and was recorded on April 24, 2007, in Book 15770 at Page 000153, in the Official Records of Hudson County, State of New Jersey. The property encumbered by the aforementioned Security Instrument, for loan number xxxxxx61032 (hereinafter the **"Loan"**) is commonly known as 123 Clifton Place, Jersey City, NJ 07304; and is more particularly described in Exhibit 'A' which is attached hereto and made a part hereof as if fully set forth herein (hereinafter the **"Subject Property"**); and

**WHEREAS**, The Note, the Security Instrument, the Forbearance and Loan Modification Agreement, this Agreement and other documents and writings executed and delivered by the Borrower in connection with the Loan are hereinafter collectively referred to as the **"Loan Documents"**; and

**WHEREAS,** the Mortgagor has requested and Lender has agreed to modify certain terms of the Note and Security Instrument, subject to preconditions and terms as set forth in the Forbearance and Loan Modification Agreement dated of even date with this Modification.

**WHEREAS,** the parties hereto entered into a Forbearance and Loan Modification Agreement.

**NOW THEREFORE**, in consideration of the mutual promises contained in this Modification and upon satisfaction of the Condition to Effectiveness of Agreement as set forth in the Forbearance and Loan Modification Agreement, the Parties agree as follows:

A. **MODIFICATION OF SECURITY INSTRUMENT**: As of **September 20, 2021** (the "**Modification Effective Date**"), the Security Instrument is modified as follows:

1. Maturity Date of Security Instrument: Unless otherwise due under the terms of the Forbearance and Loan Modification Agreement, in the event of a default or by acceleration provided for pursuant to the Loan Documents, the Loan shall mature and all principal, plus accrued unpaid interest, and any additional charges shall be payable and due on **September 20, 2031** (hereinafter the **"Balloon Maturity Date"**), which is an extension beyond the maturity date in the Note and Security Instrument;

2. Principal Balance: The Modified Principal Balance under the Forbearance and Loan Modification Agreement which is secured by the Security Instrument is One Hundred Seventy Nine Thousand Seventy Four Dollars and Fifty Six Cents (**$179,074.56**) (the "Modified Principal Balance"). The Modified Principal Balance includes all amounts owing as of the Modification Effective Date and consists of the unpaid principal balance of the sums loaned to the Borrower, unpaid interest and amounts paid to third parties for court costs and attorneys' fees to enforce Lender's rights. The interest rates and monthly payments in the Note have been modified as provided in the Forbearance and Loan Modification Agreement.

3. Final Payment: On the Balloon Maturity Date, the final payment will be an amount equal to (i) any unpaid balance of the Modified Principal Balance, plus (ii) any and all accrued and unpaid interest on the Modified Principal Balance, and (iii) any other amounts owed under the Forbearance and Loan Modification Agreement and the Security Instrument.

Borrower Initials                                   2                                   Lender Initials

4. <u>Default:</u> A default under the Forbearance and Loan Modification Agreement will be a default under this Modification and Lender shall have all of its rights and remedies under the Security Instrument.

5. The parties agree that nothing herein contradicts in any way the Forbearance and Loan Modification Agreement, but if there is a conflict, then the Forbearance and Loan Modification Agreement shall control.

B. **ADDITIONAL AGREEMENTS.** Mortgagor understands and agree to the following

1. All persons who signed the Security Instrument, or their authorized representative(s) have signed this Modification, unless: (i) a Mortgagor or co-Mortgagor is deceased; (ii) the Mortgagor and Co-Mortgagor are divorced and the Property has been transferred to one spouse in the divorce decree; the spouse who no longer has an interest in the Property need not sign this Modification (although the non-signing spouse may be held liable for the obligations under the Note), or (iii) the Lender has waived this requirement in writing.

2. Any Mortgagor who signs this Modification but did not sign the Note is not personally obligated to pay the sums secured by the Security Instrument as modified by this Modification.

3. As of the Modification Effective Date, Mortgagor understands that Lender will only allow the transfer and assumption of the Security Instrument and Forbearance and Loan Modification Agreement to a transferee of the Property as permitted by 12 U.S.C. § 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Security Instrument or any of the loan documents including the Forbearance and Loan Modification Agreement. Except as provided in this Section B(3), this Security Instrument may not be assigned to, or assumed by, a buyer or transferee of the Property

4. This Modification will not be understood or construed as a satisfaction or release, in whole or in part, of the obligations in the Security Instrument, or to satisfy or release the Security Instrument, in whole or in part

5. Except as expressly modified by this Modification, Mortgagor will comply with and is bound by all covenants, agreements, and requirements of the Security Instrument.

6. The Security Instrument as modified by this Modification is a duly valid, binding agreement, enforceable in accordance with its terms and is hereby reaffirmed and remains m full force and effect.

7. Mortgagor will execute and deliver such other documents as may be reasonably necessary to either: (i) put into effect the terms and conditions of this Modification or (ii) correct the terms and conditions of this Modification if an error is detected after the Modification Effective Date. Mortgagor understands that a correct Modification or letter agreement containing the correction will be provided to Mortgagor for Mortgagor's signature. At Lender's option, this Modification will be void and of no legal effect upon notice of such error. If Mortgagor elects not to sign any such corrected Modification or letter agreement,

Borrower Initials

3

Lender Initials

the terms of the original loan documents shall continue in full force and effect and the terms of the Note and Security Instrument will not be modified.

8. If any document, including the Security Instrument, related to this Modification is lost, misplaced, misstated, inaccurately reflects the true terms and conditions of the loan as modified, or is otherwise missing, Mortgagor will comply with the Lender's request to acknowledge initial and deliver to the Lender any documentation the Lender deems necessary (all such documents are the "Document"). Mortgagor agrees to deliver the Documents within ten (10) days after Mortgagor receives the Lender's written request for such replacement.

**[Signatures Follow on Subsequent Page(s)]**

4

Borrower Initials

Lender Initials

# Exhibit A

## Legal Description

ALL that certain lot, parcel or tract of land, situate and lying in the City of Jersey City, County of Hudson, State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the southwesterly line of Clifton Place distant 30.00 feet northwesterly from the intersection formed by the northwesterly line of Clifton Place with the southwesterly line of Clifton Place and running; thence

(1) North 32 degrees 00 minutes West and along the southwesterly line of Clifton Place a distance of 30.00 feet to a point; thence

(2) South 58 degrees 00 minutes West a distance of 84.50 feet (94.50 feet per deed) to a point; thence

(3) South 32 degrees 00 minutes East and parallel to Clifton Place, a distance of 30.00 feet to a point; thence

(4) North 58 degrees 00 minutes East a distance of 84.50 feet to the point in the southwesterly line of Clifton Place, said point being the point or place of Beginning.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 22.A in Block 1914 on the City of Jersey City Tax Map.


Borrower Initials

5


Lender Initials

In Witness Whereof, the Mortgagor(s) have executed this Modification to Mortgage

Mortgagor(s):

_____ (Seal)
**Jose Gosdenovich**

_____ (Seal)
**Marisol Gosdenovich**

STATE OF __New Jersey__ ) SS
COUNTY OF __Middlesex__ )

On (Month/Day/Year) __June 1st__, 2021 personally appeared __Jose Gosdenovich__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Notary Signature __Silvia Pereyra__ (Seal)
Notary Printed Name __Silvia E. Pereyra__
My Commission Expires __08/03/2021__

STATE OF __New Jersey__ ) SS
COUNTY OF __Middlesex__ )

On (Month/Day/Year) __June 1st__, 2021 personally appeared __Marisol Gosdenovich__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Notary Signature __Silvia Pereyra__ (Seal)
Notary Printed Name __Silvia E. Pereyra__
My Commission Expires __08/03/2021__

In Witness Whereof, the Lender has executed this Modification to Mortgage.

Lender: **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of the Aspen Growth IV Trust, a Delaware statutory trust, by Aspen Properties Group, LLC, a Missouri limited liability company, its Administrator**

_/s/ Charles John B._

**Charles John Briseno**, Vice President - Servicing

STATE OF _Missouri_ ) SS
COUNTY OF _Clay_ )

On (Month/Day/Year) _6/8/21_, personally appeared _Charles Jim Briseno_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Notary Signature _/s/_ (Seal)
Notary Printed Name _April Elizabeth Nerich_
My Commission Expires _5-29-23_

APRIL ELIZABETH NERICH
Notary Public, Notary Seal
State of Missouri
Clay County
Commission # 19496173
My Commission Expires 05-29-2023

APRIL ELIZABETH NERICH
Notary Public, Notary Seal
State of Missouri
Clay County
Commission # 19496173
My Commission Expires 05-29-2023



## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
   if the Cashier's Check is not cashed by a certain time
   - Please cash/deposit this Cashier's Check as soon as possible to prevent this from occurring
   - In most cases, the funds will be considered "abandoned" before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
   - Stop Payment can only be placed if the Cashier's Check is lost, stolen, or destroyed
   - We may not re-issue or refund the funds after the stop payment has been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check or for any other information about this item

---

**FOR YOUR PROTECTION SAVE THIS COPY**
**CASHIER'S CHECK**    Customer Copy

▇▇▇▇2688

05/25/2021
Void after 7 years

**Remitter:** JOSE GOSDENOVICH

$** 55,000.00 **

**Pay To The Order Of:** FCI LENDER SERVICES

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

Memo: _____
Note: For information only. Comment has no effect on bank's payment.

---

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK    **CASHIER'S CHECK**    HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**CHASE**

▇▇▇▇2688    25-3
                 440
Date 05/25/2021    Void after 7 years

**Remitter:** JOSE GOSDENOVICH

**Pay To The Order Of:** FCI LENDER SERVICES

**Pay:** FIFTY FIVE THOUSAND DOLLARS AND 00 CENTS

$** 55,000.00 **

Drawer: JPMORGAN CHASE BANK, N.A.

*Rebecca Griffin* (signature)

Rebecca Griffin, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Columbus, OH

Do not write outside this box
Memo: _____
Note: For information only. Comment has no effect on bank's payment.

